Nancy WEAVER, Plaintiff–Appellant,

v.

UNION CARBIDE CORPORATION, a foreign corporation; Suzanne Hallenberg, Defendant–Appellee.

No. 86–1180.

United States Court of Appeals, Fourth Circuit.

Certified Oct. 5, 1987.

Decided April 27, 1989.

Joshua Israel Barrett, Ditrapano & Jackson, Charleston, W.Va., on brief, for plaintiff-appellant.

David D. Johnson, Cheryl Harris Wolfe, Jackson, Kelly, Holt & O'Farrell, Charleston, W.Va., on brief, for defendant-appellee Union Carbide Corp.

Chester Lovett, Henry R. Glass, III, Lovett, Vaughan & Cooper, Charleston, W.Va., on brief, for defendant-appellee Hallenberg.

Before PHILLIPS and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.

PER CURIAM:

Nancy Weaver appeals the district court's dismissal of her complaint against Suzanne Hallenberg, an employee of Union Carbide Corporation, and against Union Carbide Corporation. The district court dismissed the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

Weaver had previously been married to Robert Greeson, an executive employee of Union Carbide. Greeson had obtained marital counseling from Hallenberg, a counselor retained by Union Carbide for the benefit of its executive employees. Weaver's

complaint alleged that during the course of this counseling Hallenberg abused her professional relationship with Greeson by seeking his affections and ultimately engaging in sexual relations with him. Weaver also alleged that Hallenberg, without ever counseling Weaver, falsely advised Greeson that Weaver had psychological problems that were detrimental to their marriage and urged Greeson to have Weaver seek professional help. Weaver charged that Hallenberg's advice and actions were designed to foster discord and dissatisfaction on the part of Greeson in his marriage to Weaver.

Weaver charged that Hallenberg's conduct constituted a gross violation of her fiduciary and professional duty as well as an intentional and malicious interference with Weaver's marital relationship. Weaver further charged that Hallenberg's conduct proximately caused the breakup of her marriage. Alleging emotional rather than physical injuries, Weaver sought compensatory and punitive damages.

We certified to the Supreme Court of Appeals of West Virginia the question whether Weaver's complaint stated a cause of action under West Virginia law. In a carefully reasoned opinion the Supreme Court of Appeals of West Virginia held:

> [A] suit against a marriage counselor, based on malpractice or intentional interference with the marital relationship, by an uncounseled spouse seeking damages arising from the counselor's sexual involvement with the other spouse may not be maintained. The lack of any professional relationship between the counselor and the uncounseled spouse forecloses the malpractice claim. The claim for intentional interference with the marital relationship is, in its essence, one for alienation of affections and is barred by W.Va.Code, 56-3-2a.

*Weaver v. Union Carbide Corp.*, 378 S.E. 2d 105, 109 (1989).

On the basis of the answer to our certified question, the judgment of the district court is affirmed.